# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| MILLERS MUTUAL CASUALTY INSURANCE COMPANY, a Texas corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| Vs. | ) ) ) |
| UNITED STATES DEPARTMENT OF THE INTERIOR; NATIONAL PARKS SERVICE; and DOES 1 through 100, inclusive, | ) ) ) ) |
| Defendants. | ) ) ) ) ) |

Case No.:

Judge:

03 APR 28 PM 2: 44

CLERK

**CIV - 03 - 0 4 8 9 MCA ACT**

## COMPLAINT IN SUBROGATION

## COMMON ALLEGATIONS

Plaintiff alleges as follows:

I.                              STATEMENT OF JURISDICTION

1.  Any and all causes of action involve a money demand for more than $75,000.00 and are within the jurisdiction of the above-captioned Court.  Said Court is the proper Court for the trial of this action under subject matter jurisdiction.  In addition, said Court is the proper Court for the trial in this action under diversity jurisdiction as set forth in 28 U.S.C., Sections 1332 and 1391, and set forth below.  Plaintiff is informed and believes and thereon alleges that defendants, and each of them, are either residents, public entities and/or citizens of the United States of America and, as to non-entities, have

1

business offices and/or residences located in the State of New Mexico, as alleged forthwith. The damage to the property herein alleged occurred within the jurisdiction of this judicial district.

2. At all time herein mentioned, plaintiff MILLERS MUTUAL CASUALTY INSURANCE COMPANY (hereinafter "plaintiff") was and is currently a corporation duly organized in the State of Texas and authorized to transact business in the State of New Mexico.

3. At all times herein mentioned, CANYON INN HOTEL (hereinafter "CANYON INN") was a business (hereinafter "CANYON INN SUBJECT BUSINESS") incorporated and located at 12 Timber Ridge Road, City of Los Alamos, County of Los Alamos, State of New Mexico (hereinafter "CANYON INN SUBJECT PROPERTY") at all times herein mentioned.

4. At all times herein mentioned, CARRIAGE HOUSE BUILDERS (hereinafter "CARRIAGE HOUSE") was a business (hereinafter "CARRIAGE HOUSE SUBJECT BUSINESS"), business status unknown, located at 106 Central Park Square, City of Los Alamos, County of Los Alamos, State of New Mexico at all times herein mentioned.

5. At all times herein mentioned, ODMARK COMMUNITIES, INC. (hereinafter "ODMARK") was a corporation (hereinafter "ODMARK SUBJECT BUSINESS"), located at 106 Central Park Square, City of Los Alamos, County of Los Alamos, State of New Mexico at all times herein mentioned.

6. At all times herein mentioned, LOS ALAMOS MEDICAL CENTER (hereinafter "LAMC") was a business (hereinafter "LAMC SUBJECT BUSINESS").

2

business status unknown. located at 118 Central Park Square, City of Los Alamos.
County of Los Alamos, State of New Mexico at all times herein mentioned.

7.  At all times herein mentioned, MESA SPORTS MEDICINE AND
ORTHOPAEDIC CENTER, P.C. (hereinafter "MESA SPORTS") was a business
(hereinafter "MESA SPORTS SUBJECT BUSINESS") incorporated and located at 3917
West Road, City of Los Alamos, County of Los Alamos, State of New Mexico at all
times herein mentioned.

8.  At all times herein mentioned, ARTHUR N. MORGAN (hereinafter
"MORGAN") is an individual and resided at 192 Los Pueblos. City of Los Alamos.
County of Los Alamos, State of New Mexico at all times herein mentioned.

9.  At all times herein mentioned, plaintiff insured the subject property of
MORGAN, and subject businesses owned by CANYON INN. CARRIAGE HOUSE.
ODMARK, LAMC and MESA SPORTS (hereinafter collectively referred to, unless
specifically separately stated as "INSUREDS"), under either a homeowners policy or a
comprehensive general liability policy for various losses, including, but not limited to,
loss or damage to the various SUBJECT PROPERTY and SUBJECT BUSINESS of each
INSURED.

10.  At all times herein and duly mentioned, defendants UNITED STATES
DEPARTMENT OF THE INTERIOR (hereinafter "DOI") and the NATIONAL PARKS
SERVICE (hereinafter "NPS") are governmental entities of the United States of America.
Plaintiff is informed and believes that defendant NPS is a department and/or division of
defendant DOI, and designated to control, administer and operate any and all national
parks within the United States.  Plaintiff is informed and believes and thereon alleges that

one of the national parks administered by defendants DOI and NPS include the Bandelier National Monument in or near the City of Los Alamos, County of Los Alamos, State of New Mexico.

11. The true and correct names and capacities of DOES 1 through 100, inclusive, whether individual, corporate or otherwise, are unknown to plaintiff at this time, who therefore sues said defendants by such fictitious names. Plaintiff will amend this Complaint to show their true names and capacities when they have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the defendants named herein as a DOE is in some manner legally responsible for events and happenings alleged herein and proximately caused the damages which plaintiff alleges herein. Said defendants are believed to be citizens of the State of New Mexico, unless a governmental entity, then with its principal place of business located within the State of New Mexico.

12. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each defendant sued as DOES 1 through 100, inclusive, was the agent and employee of defendants, and each of them, and in doing the things hereinafter alleged, was acting in the course and scope of said agency and employment and with the permission and consent of defendants, and each of them, and defendants, and each of them, ratified the acts of said defendants.

II.                          **STATEMENT OF THE CLAIM**

13. Plaintiff has been informed and believes and thereon alleges the following, based upon its own investigation and the investigation as set forth in the CERRO GRANDE FIRE ASSISTANCE ACT (hereinafter "ACT"), an act investigated on behalf of and passed by the United States Congress into law. The findings of Congress, as set

forth in Title I, Section 102 of the ACT, set forth the following. On or about May 4,
2000, the NPS and Various DOES, through orders and/or guidelines set up by defendant
DOI and/or defendant NPS, initiated a prescribed burn on Federal land on or around the
Bandelier National Monument in or near the City of Los Alamos, County of Los Alamos,
State of New Mexico, allegedly for the purpose of clearing brush and/or other reasons.
On or about May 5, 2000, the prescribed burn exceeded the containment and became out
of control of fire personnel located at the scene (hereinafter "SUBJECT FIRE"), and
spread to other Federal and non-Federal land, quickly becoming a wildfire. On or about
May 7, 2000, the SUBJECT FIRE then proceeded to affect various businesses and
persons in and around the City of Los Alamos, causing serious and extensive property
damage, as well as various displacements, disruption and/or evacuations of persons from
their respective subject properties (hereinafter "SUBJECT PROPERTY") due to the
extreme danger from the out of control SUBJECT FIRE, to their respective detriments.
The SUBJECT FIRE ultimately destroyed more than 425 residences in and around Los
Alamos, as well as more than 48,000 acres of forestland. On or about May 13, 2000, the
President of the United States declared the area, including the City and County of Los
Alamos, a major disaster area, freeing affected persons and businesses to receive
financial benefits through various governmental sources. The ACT also stated
unequivocally under Title I, Section 102(a)(6) that the Secretary of the Interior and
defendant NPS have assumed responsibility for the SUBJECT FIRE and subsequent
losses of property, and under Title I, Section 102(a)(7), that the United States should
compensate the victims of the SUBJECT FIRE.

14. As a proximate result of said acts and liability of defendants, and each of

them, CANYON INN sustained damages to the CANYON INN SUBJECT BUSINESS

and/or CANYON INN SUBJECT PROPERTY in the amount of $1,339.00 (ONE

THOUSAND THREE HUNDRED THIRTY NINE DOLLARS AND ZERO CENTS),

which included, but is not limited to, payments for losses to the CANYON INN

SUBJECT BUSINESS in the amount of $935.00 for loss of income from room rentals for

17 nights at the rate of $55.00 per night, as well as $690.00 for extraction of smoke from

the rooms less salvage value of the machine of $100.00, as well as a $500.00 deductible

paid by CANYON INN.  As a result of its insurance policy with plaintiff, plaintiff paid

CANYON INN this aforementioned sum, which is the reasonable value thereof.  In

addition, plaintiff is authorized to and seeks to recover a deductible in the amount of

$500.00, which was paid to plaintiff and said amount as part of its damages.

15.  Plaintiff paid to CANYON INN the sum of $1,339.00 (ONE THOUSAND

THREE HUNDRED THIRTY NINE DOLLARS AND ZERO CENTS) under the terms

of its policy and thereby became subrogated to the rights of CANYON INN, and is

entitled to enforce all of the remedies of CANYON INN against the defendants, and each

of them, named herein, and is authorized to recover said amounts as part of this suit.

16.  As a proximate result of said acts and liability of defendants, and each of

them, CARRIAGE HOUSE sustained damages to the CARRIAGE HOUSE SUBJECT

BUSINESS in the amount of $7,657.25 (SEVEN THOUSAND SIX HUNDRED FIFTY

SEVEN DOLLARS AND TWENTY FIVE CENTS), which included, but is not limited

to, payments for losses to the CARRIAGE HOUSE SUBJECT BUSINESS, and other

related damages.  As a result of its insurance policy with plaintiff, plaintiff paid

CARRIAGE HOUSE this aforementioned sum, which is the reasonable value thereof.  In

addition, plaintiff is authorized to and seeks to recover a deductible in the amount of $0.00, which was paid to plaintiff and said amount as part of its damages.

17. Plaintiff paid to CARRIAGE HOUSE the sum of $7,657.25 (SEVEN THOUSAND SIX HUNDRED FIFTY SEVEN DOLLARS AND TWENTY FIVE CENTS) under the terms of its policy and thereby became subrogated to the rights of CARRIAGE HOUSE, and is entitled to enforce all of the remedies of CARRIAGE HOUSE against the defendants, and each of them, named herein, and is authorized to recover said amounts as part of this suit.

18. As a proximate result of said acts and liability of defendants, and each of them, ODMARK sustained damages to the ODMARK SUBJECT BUSINESS in the amount of $27,894.97 (TWENTY SEVEN THOUSAND EIGHT HUNDRED NINETY FOUR DOLLARS AND NINETY SEVEN CENTS), which included, but is not limited to, payments for losses to the ODMARK SUBJECT BUSINESS, and other related damages. As a result of its insurance policy with plaintiff, plaintiff paid ODMARK this aforementioned sum, which is the reasonable value thereof. In addition, plaintiff is authorized to and seeks to recover a deductible in the amount of $0.00, which was paid to plaintiff and said amount as part of its damages.

19. Plaintiff paid to ODMARK the sum of $27,894.97 (TWENTY SEVEN THOUSAND EIGHT HUNDRED NINETY FOUR DOLLARS AND NINETY SEVEN CENTS) under the terms of its policy and thereby became subrogated to the rights of ODMARK, and is entitled to enforce all of the remedies of ODMARK against the defendants, and each of them, named herein, and is authorized to recover said amounts as

part of this suit.

20. As a proximate result of said acts and liability of defendants, and each of them, LAMC sustained damages to the LAMC SUBJECT BUSINESS in the amount of $20,142.98 (TWENTY THOUSAND ONE HUNDRED FORTY TWO DOLLARS AND NINETY EIGHT CENTS), which included, but is not limited to, payments for losses to the LAMC SUBJECT BUSINESS, and other related damages. As a result of its insurance policy with plaintiff, plaintiff paid LAMC this aforementioned sum, which is the reasonable value thereof. In addition, plaintiff is authorized to and seeks to recover a deductible in the amount of $1,000.00, which was paid to plaintiff and said amount as part of its damages.

21. Plaintiff paid to LAMC the sum of $20,142.98 (TWENTY THOUSAND ONE HUNDRED FORTY TWO DOLLARS AND NINETY EIGHT CENTS) under the terms of its policy and thereby became subrogated to the rights of LAMC, and is entitled to enforce all of the remedies of LAMC against the defendants, and each of them, named herein, and is authorized to recover said amounts as part of this suit.

22. As a proximate result of said acts and liability of defendants, and each of them, MESA SPORTS sustained damages to the MESA SPORTS SUBJECT BUSINESS in the amount of $21,436.17 (TWENTY ONE THOUSAND FOUR HUNDRED THIRTY SIX DOLLARS AND SEVENTEEN CENTS), which included, but is not limited to, payments for losses to the MESA SPORTS SUBJECT BUSINESS, and other related damages. As a result of its insurance policy with plaintiff, plaintiff paid MESA SPORTS this aforementioned sum, which is the reasonable value thereof. In addition,

8

plaintiff is authorized to and seeks to recover a deductible in the amount of $250.00, which was paid to plaintiff and said amount as part of its damages.

23. Plaintiff paid to MESA SPORTS the sum of $21,436.17 (TWENTY ONE THOUSAND FOUR HUNDRED THIRTY SIX DOLLARS AND SEVENTEEN CENTS) under the terms of its policy and thereby became subrogated to the rights of MESA SPORTS, and is entitled to enforce all of the remedies of MESA SPORTS against the defendants, and each of them, named herein, and is authorized to recover said amounts as part of this suit.

24. As a proximate result of said acts and liability of defendants, and each of them, MORGAN sustained damages in the amount of $487.07 (FOUR HUNDRED EIGHTY SEVEN DOLLARS AND SEVEN CENTS), which included, but is not limited to, payments for additional living expenses for MORGAN due to evacuation and settlement in another location, and other related damages. As a result of its insurance policy with plaintiff, plaintiff paid MORGAN this aforementioned sum, which is the reasonable value thereof. In addition, plaintiff is authorized to and seeks to recover a deductible in the amount of $250.00, which was paid to plaintiff and said amount as part of its damages.

25. Plaintiff paid to MORGAN the sum of $487.07 (FOUR HUNDRED EIGHTY SEVEN DOLLARS AND SEVEN CENTS), under the terms of its policy and thereby became subrogated to the rights of MORGAN, and is entitled to enforce all of the remedies of MORGAN against the defendants, and each of them, named herein, and is

authorized to recover said amounts as part of this suit.

26. As a proximate result of the said acts and liability of defendants, and each of them, and the total respective claims of the INSUREDS, plaintiff has paid the total sum of $78,957.44 (SEVENTY EIGHT THOUSAND NINE HUNDRED FIFTY SEVEN DOLLARS AND FORTY FOUR CENTS) to the INSUREDS. As a result of its various insurance policies with its INSUREDS, plaintiff paid this total aforementioned sum, which is the reasonable value thereof. In addition, plaintiff is authorized to and seeks to recover the various deductibles in the total amount of $2,000.00 (TWO THOUSAND DOLLARS AND ZERO CENTS), which was paid to plaintiff by each individual INSURED, and said amount is included as part of these total damages.

27. Plaintiff paid this total sum under the terms of its various policies with the INSUREDS and thereby became subrogated to the rights of the individual INSUREDS, and is entitled to enforce all of the remedies of the INSUREDS against the defendants, and each of them, named herein, and is authorized to recover said amounts as part of this suit.

28. In addition, plaintiff is informed and believes and thereon alleges that under and by virtue of the provisions of its policy of insurance, it has, may and will hereafter be required to pay additional sums under the terms of its policy to the INSUREDS. When said sums are ascertained, plaintiff will seek leave to amend its Complaint to show said sums.

29. Said submission of the various claims by the INSUREDS were submitted to plaintiff by way of Sworn Statements of Proof of Loss, under penalty of perjury, and true and correct copies of each from each INSURED are referenced herein, attached hereto

and incorporated herein as "Exhibit A" to this Complaint.  Payments under the respective

insurance policy to each individual INSURED was made and based upon said

submissions to plaintiff.

## III.          SUBMISSION OF CLAIMS TO FEDERAL GOVERNMENT

30.  As a proximate result of the SUBJECT FIRE and the subsequent payments to

the INSUREDS, on or about August 1, 2001, plaintiff submitted the above-stated claims

to the United States Government pursuant to filing and submission of claims under the

Federal Torts Claims Act, pursuant to the provisions of 28 U.S.C.S. 2671, et. seq.  A true

and correct copy of the respective claims for plaintiff as to each of the INSUREDS are

referenced herein and attached and incorporated herein as "Exhibit B" to this Complaint.

Plaintiff or its counsel never received any written response to the submission of said

claims.

31.  Plaintiff subsequently discovered the presence of a Federal program office,

allegedly known as the Cerro Grande Fire Claims Office, located in Los Alamos, New

Mexico.  Said claims office was represented to plaintiff to handle all claims arising from

the SUBJECT FIRE, pursuant to authority under the aforementioned ACT, and

established in cooperation with the Federal Emergency Management Agency.  On or

about April 24, 2002, plaintiff forwarded copies of the claims under the Federal Torts

Claims Act to the Cerro Grande Fire Claims Office.  After follow-up discussions with

and representations made by the Claims Office, on or about August 8, 2002, plaintiff

submitted the claims of the INSUREDS under the ACT to the Cerro Grande Fire Claims

Office.  Said claims were rejected on or about November 13, 2002 by the Cerro Grande Fire Claims Office pursuant to the provisions of Title I, Section 104(h)(2) of the ACT.

32.  As of the date of this action, plaintiff has not received any response or denials, pursuant to the provisions of 28 U.S.C.S., 2675, to the submissions under the Federal Torts Claims Act to defendant DOI and the NPS.  As such, plaintiff is entitled to pursue this action under the provisions of 28 U.S.C.S. 2671, et. seq.

### FIRST COUNT
**(Negligence Against All Defendants)**

For a first count, plaintiff alleges:

33.  Plaintiff refers to and incorporates by reference herein each and every allegation contained in all previous paragraphs as though the same were fully set forth herein.

34.  Plaintiff is informed and believes and thereon alleges that defendants, and each of them, had a duty to reasonably, and with due care, to maintain, repair, inspect, disclose and/or conduct their actions in setting the prescribed burn fires in order to clear brush in a reasonable and safe condition so as not to endanger the general public, including landowners, occupants, invitees, and other individuals, from the possibility of danger and damage from the condition of the SUBJECT FIRE.

35.  Defendants, and each of them, breached their duty to the general public, landowners, occupants, invitees, and other foreseeable individuals, in failing to act reasonably, and with due care, to maintain, repair, inspect, disclose and/or conduct their

actions in setting the prescribed burn fires which proximately led to the SUBJECT FIRE.

in a reasonable and safe condition so that these events would not have occurred if the

SUBJECT FIRE had been properly maintained, repaired and/or inspected, and resulted in

a dangerous condition that damaged the INSUREDS.

36. As a proximate result of the said acts and liability of defendants, and each of

them, and the total respective claims of the INSUREDS, plaintiff has paid the total sum

of $78,957.44 (SEVENTY EIGHT THOUSAND NINE HUNDRED FIFTY SEVEN

DOLLARS AND FORTY FOUR CENTS) to the INSUREDS. As a result of its various

insurance policies with its INSUREDS, plaintiff paid this total aforementioned sum,

which is the reasonable value thereof. In addition, plaintiff is authorized to and seeks to

recover the various deductibles in the total amount of $2,000.00 (TWO THOUSAND

DOLLARS AND ZERO CENTS), which was paid to plaintiff by each individual

INSURED, and said amount is included as part of these total damages.

## SECOND COUNT
### (Negligence Per Se Against All Defendants)
### (Cerro Grande Fire Assistance Act, Section 102, and Various Local Statutes)

For a second count, plaintiff alleges:

37. Plaintiff refers to and incorporates by reference herein each and every

allegation contained in all previous paragraphs as though the same were fully set forth

herein.

38. Plaintiff is informed and believes and thereon alleges that the general public,

including defendants, and each of them, have a duty to follow, comply and satisfy all

governmental ordinances and statutes of any kind, ordered or put into law by any local governmental entity, which are in effect in a particular location, including, but not limited to, the State of New Mexico and/or County of Los Alamos and/or the City of Los Alamos. This includes, but is not limited to, various local provisions of the Fire Code.

39. Plaintiff is informed and believes and thereon alleges that defendants, and each of them, violated, disobeyed, failed to satisfy or follow and/or breached one or more safety ordinances and statutes instituted by the State of New Mexico and/or County of Los Alamos and/or City of Los Alamos. These ordinances and statutes are mandated by various governmental and quasi-governmental entities having jurisdiction over home safety and procedures in the City of Los Alamos, County of Los Alamos, State of New Mexico, for the purpose of ensuring that residential areas be protected from dangerous hazards and conditions for the safety and welfare of the general public.

40. As a result of the failure of defendants, and each of them, to satisfy, follow and obey these aforementioned ordinances and statutes, the SUBJECT FIRE occurred, and damaged the collective interests of the INSUREDS.

41. In investigating this matter, the United States Congress passed the ACT and made its legal conclusions as specifically set forth under Title I, Section 102(a) of the ACT, placing responsibility for the SUBJECT FIRE on the defendants, and each of them.

42. As a proximate result of the said acts and liability of defendants, and each of them, and the total respective claims of the INSUREDS, plaintiff has paid the total sum of $78,957.44 (SEVENTY EIGHT THOUSAND NINE HUNDRED FIFTY SEVEN DOLLARS AND FORTY FOUR CENTS) to the INSUREDS. As a result of its various insurance policies with its INSUREDS, plaintiff paid this total aforementioned sum.

which is the reasonable value thereof. In addition, plaintiff is authorized to and seeks to recover the various deductibles in the total amount of $2,000.00 (TWO THOUSAND DOLLARS AND ZERO CENTS), which was paid to plaintiff by each individual INSURED, and said amount is included as part of these total damages.

43. Plaintiff paid this total sum under the terms of its various policies with the INSUREDS and thereby became subrogated to the rights of the individual INSUREDS, and is entitled to enforce all of the remedies of the INSUREDS against the defendants, and each of them, named herein, and is authorized to recover said amounts as part of this suit.

44. In addition, plaintiff is informed and believes and thereon alleges that under and by virtue of the provisions of its policy of insurance, it has, may and will hereafter be required to pay additional sums under the terms of its policy to the INSUREDS. When said sums are ascertained, plaintiff will seek leave to amend its Complaint to show said sums.

### THIRD COUNT
### (Conversion against All Defendants)

For a third count, plaintiff alleges:

45. Plaintiff refers to and incorporates by reference herein each and every allegation contained in all previous paragraphs as though the same were fully set forth herein.

46. Through its investigation, plaintiff has been informed and believes, and thereon alleges the following. Based upon the consistent acts of defendants, and each of them, in allowing the prescribed burn to turn into the SUBJECT FIRE, proximately

causing numerous other events, described herein, which proximately led to the significant loss of the various INSUREDS SUBJECT BUSINESSES and significant business income, and seriously interfered with the financial well being of the various INSUREDS business, to their detriment, as described herein. In addition, said SUBJECT FIRE proximately led to the damages sustained by MORGAN. Such serious interference with the subject income and monies of the INSUREDS, as well as the damages incurred by MORGAN, amounted to a conversion, which seriously interfered with the use of the subject income and monies for further business ventures or profit by the various INSUREDS in subsequent business ventures, payment of taxes or profit, as well as the interests of MORGAN, all to the detriment of the INSUREDS.

47. As a proximate result of the said acts and liability of defendants, and each of them, and the total respective claims of the INSUREDS, plaintiff has paid the total sum of $78,957.44 (SEVENTY EIGHT THOUSAND NINE HUNDRED FIFTY SEVEN DOLLARS AND FORTY FOUR CENTS) to the INSUREDS. As a result of its various insurance policies with its INSUREDS, plaintiff paid this total aforementioned sum, which is the reasonable value thereof. In addition, plaintiff is authorized to and seeks to recover the various deductibles in the total amount of $2,000.00 (TWO THOUSAND DOLLARS AND ZERO CENTS), which was paid to plaintiff by each individual INSURED, and said amount is included as part of these total damages.

48. Plaintiff paid this total sum under the terms of its various policies with the INSUREDS and thereby became subrogated to the rights of the individual INSUREDS, and is entitled to enforce all of the remedies of the INSUREDS against the defendants.

and each of them, named herein, and is authorized to recover said amounts as part of this suit.

49. In addition, plaintiff is informed and believes and thereon alleges that under and by virtue of the provisions of its policy of insurance, it has, may and will hereafter be required to pay additional sums under the terms of its policy to the INSUREDS. When said sums are ascertained, plaintiff will seek leave to amend its Complaint to show said sums.

## FOURTH COUNT
### (Nuisance Against All Defendants)

For a fourth count, plaintiff alleges:

50. Plaintiff refers to and incorporates by reference herein each and every allegation contained in all previous paragraphs as though the same were fully set forth herein.

51. At the aforementioned time of the SUBJECT FIRE, defendants, and each of them, controlled the prescribed burn, including any and all non-natural conditions which existed as part of the prescribed burn.

52. Said actions of defendants, and each of them, in failing to properly maintain, inspect, disclose and/or monitor and act upon the various conditions present during the prescribed burn, created an extremely dangerous and hazardous condition, proximately lead to the SUBJECT FIRE and the subsequent damage which seriously damaged the

respective INSUREDS as to their SUBJECT PROPERTY interests.

53.  Said actions by defendants, and each of them, became an obstruction to the free use of the various SUBJECT PROPERTY and SUBJECT BUSINESS interests of the various INSUREDS, in that said interests and the evacuation caused the INSUREDS to sustain significant damage proximately caused by the SUBJECT FIRE and the prior actions, or lack thereof of defendants, and each of them, and made the respective SUBJECT PROPERTIES AND SUBJECT BUSINESSES uninhabitable, to the detriment of the respective INSUREDS.

54.  Plaintiff is informed and believes and thereon alleges that the actions by defendants, and each of them, have occupied, used and maintained said SUBJECT PROPERTY, including said residence and land of the respective INSUREDS in a manner as to constitute a nuisance, and is injurious to the mental and physical health of the respective INSUREDS and an obstruction to the free use and enjoyment of the various SUBJECT PROPERTY and SUBJECT BUSINESSES by the respective INSUREDS, which has proximately caused the respective INSUREDS great annoyance, inconvenience and discomfort, as well as financial losses to personal belongings and business, some of which are not covered under policies of insurance issued by plaintiff.

55.  Said actions by defendants, and each of them, interfered with the comfortable use and enjoyment of the SUBJECT PROPERTY and SUBJECT BUSINESSES by the respective INSUREDS, and is considered a nuisance.

56.  As a proximate result of the said acts and liability of defendants, and each of them, and the total respective claims of the INSUREDS, plaintiff has paid the total sum of $78,957.44 (SEVENTY EIGHT THOUSAND NINE HUNDRED FIFTY SEVEN

DOLLARS AND FORTY FOUR CENTS) to the INSUREDS. As a result of its various insurance policies with its INSUREDS, plaintiff paid this total aforementioned sum, which is the reasonable value thereof. In addition, plaintiff is authorized to and seeks to recover the various deductibles in the total amount of $2,000.00 (TWO THOUSAND DOLLARS AND ZERO CENTS), which was paid to plaintiff by each individual INSURED, and said amount is included as part of these total damages.

57. Plaintiff paid this total sum under the terms of its various policies with the INSUREDS and thereby became subrogated to the rights of the individual INSUREDS, and is entitled to enforce all of the remedies of the INSUREDS against the defendants, and each of them, named herein, and is authorized to recover said amounts as part of this suit.

58. In addition, plaintiff is informed and believes and thereon alleges that under and by virtue of the provisions of its policy of insurance, it has, may and will hereafter be required to pay additional sums under the terms of its policy to the INSUREDS. When said sums are ascertained, plaintiff will seek leave to amend its Complaint to show said sums.

## DEMAND FOR JUDGMENT AND PRAYER

WHEREFORE, plaintiff prays for and demands judgment against defendants, and each of them, for all counts as alleged against each individual defendant, as follows:

1.  For damages in the sum of $78,957.44 (SEVENTY EIGHT THOUSAND NINE HUNDRED FIFTY SEVEN DOLLARS AND FORTY FOUR CENTS) plus any additional sums which are to be proven at the time of trial;

2.  For any and all consequential damages, to be proven at the time of trial;

3.  For costs of suit incurred herein; and

4.  For such other and further relief that the Court may deem just and proper.

DATED:

DANIEL J. O'BRIEN & ASSOCIATES, P.C.

DANIEL P. ULIBARRI
Attorneys for Plaintiff, MILLERS MUTUAL
CASUALTY INSURANCE COMPANY,
a Texas corporation
6301 Indian School Road, NE
Suite 800
Albuquerque, NM 87110
Telephone: (505) 883-8181
Facsimile: (505) 883-3232

BLANK & ASSOCIATES, A.P.C.

DOUGLAS S. BLANK
Trial Counsel and Attorneys for Plaintiff,
MILLERS MUTUAL CASUALTY
INSURANCE COMPANY, a Texas corporation
402 W. Broadway, 28th Floor
San Diego, CA 92101
Telephone: (619) 232-6620
Facsimile: (619) 232-6646

/ / /