IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**MILLERS MUTUAL CASUALTY**
**INSURANCE COMPANY**, a Texas
corporation,

       Plaintiff,

      vs.                               No.    **CIV 03-489 MCA/ACT**

**UNITED STATES DEPARTMENT OF**
**THE INTERIOR; NATIONAL PARKS**
**SERVICE;** and **DOES 1 through 100,**
inclusive**,**

       Defendants,

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* (Doc. No. 9), filed July 18, 2003. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that Defendants' motion is due to be granted in its entirety.

## BACKGROUND

Plaintiff, Millers Mutual Casualty Insurance Company, has filed a *Complaint in Subrogation* (Doc. No. 1) against the United States Department of the Interior (DOI), National Parks [sic] Service, and "Does 1 though 100," pursuant to 28 U.S.C. §§ 1332 and 1391, seeking to recover the sum of $78,957.44, which sum represents the amount Plaintiff

has paid out to various insureds damaged when a prescribed burn (the Cerro Grande Fire) set on or about May 4, 2000, in the area of Los Alamos, New Mexico broke out of its containment area and spread to adjoining lands. (Id.). Plaintiff had submitted its insureds' claims to the DOI pursuant to the provisions of the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671-2680, on or about August 1, 2001. (Id. at 11). However, when Plaintiff later learned that a federal program called the Cerro Grande Fire Claims Office (CGFCO) had been created to handle claims arising from the Cerro Grande Fire, it withdrew its FTCA claims and forwarded those FTCA claims to the CGFCO. It is undisputed that on October 17, 2002, Plaintiff learned that the CGFCO would not accept its claims. Plaintiff filed the present ***Complaint in Subrogation*** on April 28, 2003. (Doc. No. 1)

Defendants now move for dismissal pursuant to Fed.R.Civ.P. 12(b)(1) or, alternatively, summary judgment on grounds that (1) neither 28 U.S.C. § 1332 nor § 1391 waives the United States' sovereign immunity; (2) this Court lacks subject-matter jurisdiction under the FTCA due to Plaintiff's failure to name the proper defendant and file this action within the six-month limitations period set forth in § 2401(b) of the FTCA; and (3) the Court lacks jurisdiction under the Cerro Grande Fire Assistance Act (the Act). (Docs. No. 9, 10). In response, Plaintiff appears to contend, in pertinent part, that (1) the United States has consented to waiver of sovereign immunity under the Act by providing for review of claims under both the Act and the FTCA; (2) Plaintiff's justifiable reliance on misrepresentations

made by CGFCO personnel[1] as to the propriety of withdrawing the FTCA claims and submitting claims directly to the CGFCO vests the Court with subject-matter jurisdiction and also supports equitable tolling of the FTCA's statute of limitations; and (3) because the original FTCA claims were never denied, they remain viable. (See Doc. No. 13).

**STANDARDS**

### Fed.R.Civ.P. 12(b)(1) and 56

Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally take two forms. Holt v. U.S., 46 F.3d 1000, 1002 (10th Cir. 1995). The first, a facial attack on the complaint's allegations as to subject-matter jurisdiction, questions the sufficiency of the complaint and requires the district court to accept as true the allegations set forth therein. Id. (internal citation omitted). Alternatively, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject-matter jurisdiction depends. Id. at 1003. When reviewing a factual attack on subject-matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. Id. Indeed, a court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1) without converting the motion to a Rule 56 motion for summary judgment. On the other hand, a Rule 12(b)(1) motion should

---

[1] The Court notes that Plaintiff does not contend that it was misled by Defendants. The alleged misconduct relates to employees of the CGFCO. That Office was established within the Federal Emergency Management Agency (FEMA). Neither FEMA nor its employees are parties to this action. In fact, on more than one occasion Plaintiff was instructed to contact the DOI concerning the status of its FTCA claims. (See Doc. No. 13, Exhs. F, H, M).

be treated as a Rule 56 motion when resolution of the jurisdictional question is intertwined with the merits of the case.  See id.; see also Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir.1991). "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case."  Wheeler v. Hurdman, 825 F.2d 257, 259 n. 5 (10th Cir.), cert. denied, 484 U.S. 986, 108 S.Ct. 503, 98 L.Ed.2d 501 (1987).  Compliance with the FTCA's time requirements is jurisdictional.  Lee v. U.S., 980 F.2d 1337, 1340 (10th Cir. 1992). Accordingly, to the extent Defendants' motion to dismiss revolves around a claim of timeliness, it will be reviewed under Rule 12(b)(1).  Resolution of the issue of whether Plaintiff was induced to withdraw its FTCA claims and resubmit them to the CGFCO, however, is intertwined with at least some of the merits of the case.  See Wheeler, 825 F.2d at 259 n. 5.  Consequently, inasmuch as Defendants move to dismiss based on Plaintiff's failure to comply with the FTCA's exclusiveness-of-remedy provision, the motion will be treated as one for summary judgment.

Summary judgment under Fed. R. Civ. P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed. R. Civ. P. 56(e).  Rather, "the adverse party's response . . . must set forth specific facts

showing that there is a genuine issue for trial." Id.  Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial (although they do not necessarily need to be presented in a form admissible at trial).  See Celotex, 477 U.S. at 324. It is not the court's role, however, to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment.  Rather, the Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor.  See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

**The Federal Tort Claims Act**

The FTCA provides that an action against the United States for money damages for loss of property may not be entertained unless a claimant first exhausts his or her administrative remedies by presenting the claim to the appropriate federal agency.  See 28 U.S.C. § 2675(a).  The FTCA further states that "[t]he failure of an agency to make final disposition of a claim within six months after it is filed shall . . . be deemed a final denial of the claim . . . ."  Id.  A tort claim against the United States is "forever barred" unless action is begun within six months after the date of the mailing of notice of final denial of the claim

by the agency to which it was submitted.  28 U.S.C. § 2401(b).  The remedies afforded by the FTCA are exclusive.  28 U.S.C. § 2679(a).

### **The Cerro Grande Fire Assistance Act**

The Cerro Grande Fire Assistance Act, however, represents somewhat of a departure from the FTCA's rule of exclusivity, in that a primary objective of the Act's passage was the compensation of Cerro Grande Fire victims as fully, quickly, and efficiently as possible.  See 146 Cong.Rec. S5241-02 at 5256-57 (2000).[2]  Specifically, the Act established within the Federal Emergency Management Agency the CGFCO and gave claimants the option of filing either an FTCA claim or a Notice of Loss through the CGFCO.  See 44 CFR §§ 295.10, 295.12.  The language of the Act is quite precise in describing the procedures to be followed in filing a Notice of Loss.  In a section entitled "Election of Remedies," the Act states that

> (a) By filing a Notice of Loss, an Injured Person waives the right to seek redress for Cerro Grande Fire related claims against the United States through the Federal Tort Claims Act or by filing a civil action authorized by any other provision of law.
>
> (b) An Injured Person who files a Federal Tort Claims Act claim or who initiates a civil action against the United States or any officer, employee or agent of the United States relating to the Cerro Grande Fire on or after August 28, 2000 is not eligible under the CGFAA to file a Notice of Loss.
>
> (c) An Injured Person who filed before August 28, 2000 a Federal Tort Claims Act claim or a civil action against the United States for injuries, losses or damages relating to the Cerro Grande Fire may file a Notice of Loss provided that the Federal Tort Claims Act claim is withdrawn or the Injured

---

[2]  See http://www.fema.gov/cerrogrande for additional information and the full text of the Act .

> Person is dismissed as a party to the civil action with prejudice not later than October 27, 2000. The withdrawal of a Federal Tort Claims Act claim must be in the form of a signed, written statement on a form provided by CGFCO that is filed with CGFCO not later than October 27, 2000. CGFCO will promptly forward the original notice of withdrawal to the applicable federal agency and retain a copy in the Claimant's file.

44 CFR §§ 295.12.  The Act set August 28, 2002, as the latest date by which CGFCO must have received a claimant's Notice of Loss and, by its express terms, provided no extension of the filing deadline.  44 CFR §§ 295.11.  A party's decision to proceed under either the FTCA or the Act was deemed final and conclusive.  See http://www.fema.gov/cerrogrande, § 104(h)(2).  In the present case, the following events and times are undisputed:

| | |
|---|---|
| May 2000 | Cerro Grande Fire |
| August 1, 2001 | Plaintiff files Form 95 FTCA claims |
| November 26, 2001 | DOI receives Form 95 FTCA claims |
| On or about April 23, 2002 | Plaintiff learns of CGFCO |
| On or about July 2, 2002 | Discussions between Plaintiff and CGFCO personnel |
| On or about July 8, 2002 | Plaintiff copied on correspondence between CGFCO personnel |
| October 8, 2002 | Plaintiff informs CGFCO it has withdrawn Form 95 FTCA claims in favor of submitting claims with CGFCO |
| October 17, 2002 | Plaintiff learns CGFCO will not entertain its claims |
| April 28, 2003 | Plaintiff files ***Complaint in Subrogation*** |

(See Doc. No. 1; Doc. No. 10, Exh. A, Att.1; see generally Doc. No. 13 and Exhs. F-H).

### Waiver of Sovereign Immunity

As an initial matter, the Court finds that Plaintiff has set forth no specific facts tending to showing that there is a genuine issue for trial with respect to the United States' waiver of sovereign immunity in this case. See Fed.R.Civ.P. 56(e). To the contrary, Plaintiff relies on nothing more than the choice of vocabulary used in drafting the *Complaint in Subrogation*. (See Doc. No. 13 at 9). Because Rule 56 requires more, Defendants are entitled to summary judgment on this issue.

### Subject-matter Jurisdiction under the Federal Tort Claims Act

The Court interprets the *Complaint in Subrogation* as an attempt by Plaintiff to revive the original FTCA claims, which claims were "officially" withdrawn by Plaintiff on October 8, 2002. (See Doc. No. 13, Exh. G). However, Plaintiff's contention that these claims are still active because they have never been rejected is without merit. (See id. at 20-21). Because Plaintiff's withdrawal prevented the DOI from ruling on those claims and thereby activating the six-month limitations period of § 2401(b), the withdrawal itself (on October 8, 2002) constituted that section's triggering event. See Arigo v. United States, 980 F.2d 1159, 1161 (8th Cir. 1992) (holding that plaintiff's withdrawal of claim following months of agency inaction satisfied 28 U.S.C. § 2675(a)'s administrative exhaustion requirement such that plaintiff was required to file his lawsuit within six months of the withdrawal).

**Equitable Tolling**

The Court rejects the argument that misconduct on the part of CGFCO personnel justifies equitable tolling of § 2401(b)'s six-month limitations period. (See Doc. No. 13 at 15-20, Exhs. G-J). Although statutory time limits applicable to some claims against the United States may be equitably tolled, federal courts have extended this relief sparingly, most typically "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990); see also Benge v. U.S., 17 F.3d 1286, 1288 (10th Cir. 1994); but see Wukawitz v. U.S., 170 F.Supp.2d 1165, 1168 (D. Utah, 2001) (noting that the Tenth Circuit has never decided whether equitable tolling applies to the FTCA and determining that "this Court concludes that it does not."). By contrast, "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." Irwin, 498 U.S. at 96.[3]

However, even assuming without deciding that equitable tolling applies in this case, the Court nonetheless concludes that Plaintiff filed its ***Complaint in Subrogation*** too late. As noted above, the terms of 28 U.S.C. § 2401(b) provide that a tort claim against the United States is "forever barred" unless action is begun within six months after the date of the

---

[3] The Court notes that at all relevant times, Plaintiff communicated with the CGFCO through its (Plaintiff's) attorney. Counsel is presumed to be aware of the applicable law and Regulations and how to ascertain same. The Court further notes that at all relevant times all laws and Regulations at issue in this case were and are matters of public record.

mailing of notice of final denial of the claim by the agency to which it was submitted. <u>See</u> 28 U.S.C. § 2401(b). In the present case, Plaintiff withdrew its FTCA claims on October 8, 2002. It is undisputed that on October 17, 2002, Plaintiff became aware that it would be unable to pursue a claim under the Act because it did not satisfy the Act's jurisdictional requirements. (<u>See</u> Doc. No. 13 at 18, Exhs. G, H). Thus, on October 17, 2002, Plaintiff was on notice that the Act provided it no remedy. Even if equitable tolling were to apply in this case, Plaintiff's discovery of this fact on October 17, 2002, served as the event triggering the running of the clock for purposes of § 2401(b)'s six-month period of limitations. That six-month period expired on April 17, 2003. Consequently, Plaintiff's ***Complaint in Subrogation***, which was filed April 28, 2003, was filed too late. (<u>See</u> Dkt. No. 1).

### **Subject-matter Jurisdiction under the Cerro Grande Fire Assistance Act**

Finally, the Court addresses Plaintiff's allegations to the extent they can be read as seeking relief under the Act. (<u>See</u> Doc. No. 13 at 7). Even if Plaintiff could proceed under the Act, Plaintiff would be entitled no relief under § 295.12(c) because Plaintiff failed to file its FTCA claim before August 28, 2000. <u>See</u> 44 CFR § 295.12(c). For the same reason, Plaintiff would find no relief under subsection (b). <u>See</u> 44 CFR § 295.12(b) ("An injured person who files a Federal Tort Claims Act claim . . . relating to the Cerro Grande Fire on or after August 28, 2000 is not eligible under the [Act] to file a Notice of Loss.").

For the foregoing reasons, the Court grants Defendants' motion to dismiss with prejudice in its entirety.

**IT IS, THEREFORE, ORDERED** that Defendants' *Motion to Dismiss or, in the Alternative, Motion for Summary Judgment* (Doc. No. 9) is **GRANTED**.

**SO ORDERED,** this **31st** day of **March, 2004**, in Albuquerque, New Mexico.

                                               **M. CHRISTINA ARMIJO**
                                               *United States District Judge*